FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 APR 26 A 10:54

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

WILLIE JAMES HIGHLAND,

    Plaintiff,

v.

CLAY BURNSED; BILLY R. SANDS;
KELLY BROOKS; and CLAY CULP,

    Defendants.

CIVIL ACTION NO.: CV513-030

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Coastal State Prison in Garden City, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion thereof that is frivolous, malicious, fails to state a claim upon

AO 72A
(Rev. 8/82)

which relief may be granted, or seeks monetary damages from a defendant who is immune to such relief. 28 U.S.C. § 1915A (b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that Defendant Burnsed executed a no-knock search warrant at a house where Plaintiff was and discovered drugs and drug paraphernalia. Plaintiff also asserts that these drugs were for his personal use and were in misdemeanor amounts. Plaintiff contends that Defendant Burnsed searched the incorrect house based on information gathered from a confidential informant. Plaintiff alleges that Defendant Brooks, a state court judge, "certified a false acknowledgement[.]" (Doc. No. 1, p. 6). Plaintiff also alleges that Defendant Sands, a county magistrate judge, failed to give him a bond even though his co-defendant was granted a bond. Plaintiff further alleges that Defendant Culp, his public defender, rendered ineffective assistance and never visited Plaintiff in jail.

Congress did not abrogate the doctrine of judicial immunity when it enacted section 1983. Judicial immunity is an absolute immunity, and it applies even when a

2

judge acts maliciously. Stump v. Sparkman, 435 U.S. 349, 356 (1978) (holding judicial immunity doctrine applies in § 1983 actions); Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986). Absolute immunity not only protects against liability but also against a case going to trial at all. Harris, 780 F.2d at 914 (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). To determine whether a judge is entitled to absolute immunity from money damages under section 1983, a two-part test was established in Stump: 1) whether the judge dealt with the plaintiff in a judicial capacity; and 2) whether the judge acted in the "clear absence of all jurisdiction." Id. (quoting Stump, 435 U.S. at 357). The second prong of this test is "only satisfied if a judge completely lacks subject matter jurisdiction." Id. at 916. Plaintiff has failed to show that either Defendant Sands or Defendant Brooks acted in the clear absence of jurisdiction. Thus, Plaintiff's claims against Defendants Sands and Brooks should be **DISMISSED**.

In addition, the Supreme Court has held:

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). According to the Heck Court, "when a state prisoner seeks damages in a [civil rights] suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 487. If this is the case, the plaintiff's complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has

3

AO 72A
(Rev. 8/82)

already been invalidated." Id. A district court must determine whether "plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Id. (emphasis in original). Plaintiff seeks only monetary damages. To have success on his claims, Plaintiff's conviction would have to be invalidated, which has not occurred. Accordingly, Plaintiff's claims against Defendant Burnsed should be **DISMISSED** for this reason.

Moreover, "[i]n order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "[S]tate action requires both an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by the rule of conduct imposed by the State or by a person for whom the State is responsible,' and that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000) (emphasis in original) (citation omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981). Plaintiff fails to show that Defendant Culp acted under color of state law. Plaintiff's claim against Defendant Culp cannot be sustained under § 1983 and should be **DISMISSED**.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 26th day of April, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)